IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

PETRA A. NIKOLOW  :
1307 E Street, S.E.  :
Washington, DC 20003  :
:
      Plaintiff,  :
:
v.  :
:
UNITED STATES OF AMERICA  :
:
Serve: The Honorable Alberto Gonzales  :   No.:_____
      United States Attorney General  :
      Department of Justice  :
      950 Pennsylvania Avenue, NW  :
      Washington, DC 20530-0001  :
:
Serve:  Kenneth L. Wainstein  :
      U.S. Attorney for the  :
      District of Columbia  :
      555 4th Street, N.W.  :
      Washington, DC 20530  :
:
      Defendant.  :

## COMPLAINT

### I. Nature of the Case

    1.    This is an action brought by the Plaintiff pursuant to the Federal Tort Claims Act for personal injuries she sustained in an automobile accident involving a Unites States Government vehicle.

### II. Jurisdiction

    2.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act.

    3.    The Plaintiff provided timely notice of her claims to the United States of America and the Federal Bureau of Investigation, in accordance with 28 U.S.C. § 2675(a), the notice requirements of the Federal Tort Claims Act; such notice was sent to the Federal Bureau of Investigation on or about October 12, 2004. The Federal Bureau of Investigation denied the Plaintiff's claim on January 26, 2005.

### III. Parties

    4.    The Plaintiff is a resident of the District of Columbia.

5.      At all times relevant hereto, the Defendant employed, trained and otherwise supervised Federal Bureau of Investigation (FBI) Agent James L. McNelly.

### IV. Statement of Claims
### COUNT I

6.      On May 16, 2003, the Plaintiff was operating a motor vehicle with due care on Route I-395, near the overpass to L'Enfant Plaza, S.W., in Washington, D.C., when FBI Agent James L. McNelly negligently drove a motor vehicle into the rear of the Plaintiff's vehicle, thereby causing a collision with the Plaintiff's vehicle, and causing the Plaintiff to sustain serious personal injuries. The Plaintiff neither caused nor contributed to the collision or her injuries.

7.      At the aforementioned time and place, James McNelly was operating a Federal Bureau of Investigation motor vehicle owned by the Defendant, and operated by Agent McNelly under the Defendant's direction and supervision. James McNelly was acting at all times within the course and scope of his employment with the Federal Bureau of Investigation. As a result of the relationship between Agent McNelly and the Defendant, all negligence and liability on the part of the vehicle operator is imputed to the Defendant.

8.      The aforementioned collision was the direct and proximate result of the negligence of the Defendant in that the operator of the Federal Bureau of Investigation vehicle, in violation of the applicable motor vehicle laws, and in disregard of the duty to operate a vehicle with due regard for other highway users, did: fail to pay full time and attention to the operation of said motor vehicle; fail to maintain a safe distance between said motor vehicle and the vehicle in front of him; fail to operate said motor vehicle at a reasonable speed; fail to reduce his speed to avoid a collision; fail to control said vehicle; fail to yield the right of way; and operate said motor vehicle recklessly and with a reckless disregard for the consequences of such operation, and with a disregard for the rights and safety of the Plaintiff and others, and in a manner likely to endanger the person and property of the Plaintiff and others.

9.      As the direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

10.      As a further result of the negligence of the Defendant as aforesaid, the Plaintiff has incurred, and

will continue to incur, substantial medical and related expenses, transportation costs, loss of time and earnings from her employment, permanent impairment of her work capacity, loss of time and enjoyment from her usual and customary activities, and permanent impairment of her usual and customary activities.

WHEREFORE, the Plaintiff demands judgment from and against the Defendant in the amount of Ninety-Five-Thousand Dollars ($95,000) in compensatory damages, and such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

_____
James W. Pressler, Jr., #221051
Patrick G. Senftle, #412191

RISELLI & PRESSLER, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
(202) 822-8384

ATTORNEYS FOR PLAINTIFF